### FORBES *v.* CHICHESTER.

*(Supreme Court, General Term, Second Department.* February 12, 1890.

PHYSICIANS AND SURGEONS—EVIDENCE OF EMPLOYMENT.

In an action for medical services, it appeared that plaintiff had been decedent's physician; that he received a message from decedent to call and see him about going to Europe; that plaintiff and his wife went to Europe with decedent; that, before starting, plaintiff received a check, tickets, and a letter of credit from decedent; that, during the passage, decedent expressed his pleasure at having plaintiff with him, and said that he wanted him with him, or within telegraphic call, but that he did not want to tie plaintiff and his wife down to remain with him, but wanted the plaintiff so he could send for him; that while abroad they did not travel together, and plaintiff saw decedent only three times; that on the last of these occasions decedent said that he should probably stay in Europe longer than plaintiff, unless he needed plaintiff; that at the same time he told plaintiff to keep him informed of his movements, that he might communicate with him in case he needed him; that plaintiff and his wife returned from Europe, leaving decedent there; that they had all been acquainted for many years. *Held,* that there was not a sufficient case to submit to a jury.

Appeal from special term, Kings county.

Action by William S. Forbes against Theodore Chichester, executor of Robert Lenox Kennedy, deceased, for medical services rendered by plaintiff to decedent. Plaintiff had been decedent's physician. He received a message from decedent to call and see him about going to Europe. Plaintiff and his wife went to Europe with decedent; the latter having first sent him a check, tickets, and a letter of credit. During the passage, decedent expressed his pleasure at having plaintiff with him, and said that he wanted him with him, or within telegraphic call, but that he did not want to tie plaintiff and his wife down to remain with him, but wanted the plaintiff so he could send for him. While abroad, they did not travel together, and plaintiff saw decedent only three times. On the last of these occasions, decedent said that he should probably remain in Europe longer than plaintiff, unless he needed plaintiff; and at the same time he told plaintiff to keep him informed of his movements, that he might communicate with him in case he needed him. Decedent remained in Europe after the return of plaintiff and his wife. They had all been acquainted for many years. From an order denying a motion to set aside the report of a referee, and granting defendant's motion to confirm, and from the judgment for defendant entered thereon, plaintiff appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Martin & Smith,* for appellant. *Edwards & Odell,* for respondent.

PRATT, J. If it be conceded that the plaintiff's contention is right, that the referee, before granting a nonsuit, was bound to view the evidence for the plaintiff in the most favorable light, and that, if there were any legitimate inferences upon which to base a judgment in favor of plaintiff, such a judgment should have been rendered, we fail to find any error. There was an utter failure to make out a case proper to be submitted to a jury. The referee was not bound to pick out a piece or two of the evidence, and hold that an inference in favor of the plaintiff might be drawn from that, and render judgment regardless of the rest of the evidence. The true question submitted to the referee was whether, upon the whole case as presented, a judgment for the plaintiff could be sustained. The criticism upon the plaintiff's case made by the judge at special term goes to the exact point upon which the case must turn. No promise can be implied in favor of plaintiff, for the reason that it does not appear that he rendered any service. No express promise is proved, and it follows that plaintiff must fail in his action. We reach this conclusion

with regret; for, as has been well said, the character and standing of the plaintiff are such as to relieve him from any suspicion of presenting an unfounded claim. But public policy requires that demands against deceased parties must be strictly proved, and to relax that rule would give rise to evils far outweighing the inconveniences resulting from its strict enforcement,—inconveniences which could be obviated by the exercise of ordinary care in procuring written or other evidence of contracts not dependent for validity upon the continuance of the life of either party. Judgment affirmed. All concur.